IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA CIRCUIT

CATHERINE BREEN, as Executor of the :
    Estate of Andrew W. Breen :
8922 Victoria Lane :
Springfield, VA. 22151 :
     :
    Plaintiffs :
     :
  v. :
     :
UNITED STATES OF AMERICA :    Civil No.
     :
Serve:  Ronald C. Machen, Jr., United States :
    Attorney for the District of Columbia :
    555 4th Street, N.W. :
    Washington, D.C. 20001 :
     :
  and :
     :
Serve:  Eric Holder, Attorney General :
  of the United States of America :
  950 Pennsylvania Ave., N.W. :
  Washington, D.C. 20530 :
     :
    Defendant. :

## COMPLAINT

## JURISDICTION AND PARTIES

Plaintiff Catherine Breen, as Personal Representative of the Estate of Andrew W. Breen,

by undersigned counsel, hereby file this Complaint against the United States of America and for

her cause of action state:

1.  This action arises under the Federal Tort Claims Act, 28 U.S.C. §§ 1346(b),

2671-2680.

2.  Venue for this action is appropriately in this District pursuant to 28 U.S.C.

1

§1402, as the cause of action arose in the District of Columbia.

3.  At all times relevant hereto, decedent, Andrew W. Breen  (hereinafter "Mr. Breen") and the Plaintiff, Catherine Breen, (hereinafter "Mrs. Breen") were a lawfully married couple, living together as husband and wife.

4.  Mrs. Breen is the legal executor of the Estate of Andrew W. Breen, having qualified in the Circuit Court for Fairfax County, Virginia on December 7, 2009. (Fiduciary Number FI-2009-0002049).

5.  The medical care rendered to Mr. Breen by the medical personnel at VA Medical Center was provided in their capacity as employees of the Department of Veterans Affairs, an agency of the United States of America, who were acting within the scope of their employment at all times relating to this case.

6.  If the Defendant were a private person, it would be liable to the Plaintiff in accordance with the laws of the District of Columbia.

7.  Pursuant to 28 U.S.C. § 2675(a), the claims set forth herein was presented to the U.S. Department of Veterans Affairs on or about January11, 2010.  Six months have expired since the filing of the claims and no final disposition of the claim has been made.  Accordingly, all administrative remedies have been exhausted.

## FACTUAL ALLEGATIONS

8.  Mr. Breen  was initially seen in the emergency department of the VA Medical Center in Washington, D.C. on July 23, 2009, with complaints of chest pain.

9.  Mr. Breen was examined by the medical staff, and a chest x-ray and EKG were ordered.  The chest x-ray revealed borderline cardiomegaly and the EKG was abnormal.

2

10.   The medical staff recommended a stress test.  However, Mr. Breen had a business trip scheduled and decided to schedule the stress test when he returned.

11.   Upon his return from his business trip, Mr. Breen called the VA Medical Center on August 4, 2009, requesting a cardiology consult.

12.   Mr. Breen was next seen in the emergency department of the VA Medical Center on August 5, 2009.  At that time, he was still experiencing chest pain.  He was examined and a chest x-ray and EKG were ordered.  The chest x-ray revealed severe cardiomegaly and the EKG was abnormal.

13.   Based upon Mr. Breen's complaints and the findings on the chest x-ray and EKG, Mr. Breen was admitted to the primary care unit at approximately 9:20 P.M. for a work-up for atypical chest pain.  A stress test was recommended and a transthoracic echocardiography (TTE) was ordered.

14.   On August 6, 2009, at approximately 1:00 A.M., the exercise tolerance test (stress test) was canceled.

15.   Although a cardio ECHO again was ordered at approximately 10:00 A.M. on  August 6, 2009, Mr. Breen was subsequently discharged from the VA Medical Center on August 6, 2009, at approximately 11:35 A.M., without any further testing or treatment.

16.   At the time of his discharge, Mr. Breen was given discharge instructions which indicated that the discharge diagnosis was atypical chest pain, unlikely cardiac etiology.

17.   Following his discharge, Mr. Breen went home, spent the rest of the day with his family, ate dinner with his family, went to bed, and died in the early morning hours of August 7, 2009.

3

18.  The cause of death was cardiomyopathy.

## COUNT I

(WRONGFUL DEATH)

19.  Plaintiff incorporates the substance of the foregoing factual allegations as if fully stated herein and further,

20.  At all times relevant hereto, the medical personnel at the VA Medical Center had a duty to use that degree of care and skill in their care and treatment of Mr. Breen which reasonably competent physicians and/or health care providers would use.

21.  The care and treatment rendered to Mr. Breen by the Defendant's employees, agents, and/or representatives breached the applicable standards of care and was negligent in that the Defendant's employees, agents, and/or representatives:

    (a)  failed to properly evaluate Mr. Breen's complaints of chest pain;

    (b)  failed to order proper testing so as to properly evaluate Mr. Breen's complaints of chest pain and previously confirmed abnormal cardiac condition;

    (c)  failed to order proper testing in the face of abnormal findings on chest x-ray and EKG;

    (d)  negligently canceled cardiac tests that would have diagnosed Mr. Breen's cardiac condition;

    (e)  negligently discharged Mr. Breen without properly evaluating and diagnosing his cardiac condition;

    (f)  negligently discharged Mr. Breen without informing him of the abnormal findings of the cardiac testing that was performed;

(g)  negligently discharged Mr. Breen with a diagnose of atypical chest pain, probably not cardiac related when they knew or should have known that Mr. Breen had a serious cardiac condition that needed to be evaluated and treated;

(h)  negligently informed Mr. Breen that his chest pains were not cardiac related when they knew or should have known that Mr. Breen had a cardiac condition that needed further evaluation and treatment; and

(i)  other acts of negligence which may be discovered during these proceedings.

22.  As a direct and proximate result of the negligent care and treatment rendered to Mr. Breen by the employees, agents and/or representatives of the Defendant, Mr. Breen died on August 7, 2009.

23.  This claim arises under D.C. Code § 16-2701 *et seq*.

24.  The Plaintiff is the duly appointed Executrix of the decedent's estate and as such has the right to bring this wrongful death action pursuant to D.C. Code § 16-2702.

25.  As a result of the Defendants' negligence as set forth herein, the Decedent's next of kin, heirs at law and beneficiaries have been deprived of the financial earnings and other benefits each would have reasonably been expected to receive from the decedent had he lived, including but not limited to care, love, attention, society, companionship, guidance, comfort, services and contributions towards support of the decedent's spouse and children.  In addition, the Plaintiff claims the costs of the funeral and burial expenses as well as the cost of all medical and other related expenses incurred.

WHEREFORE, the foregoing premises considered, Plaintiff, Catherine Breen, as Personal Representative of the Estate of Andrew W. Breen, demands judgement against

Defendant, United States of America, in the sum of Five Million Dollars ($5,000,000.00), plus interest and costs.

## COUNT II

(SURVIVAL ACTION)

26.  Plaintiffs incorporate the substance of the foregoing factual allegations as if fully stated herein and further,

27.  At all times relevant hereto, the medical personnel of VA Medical Center had a duty to use that degree of care and skill in their care and treatment of Mr. Breen which reasonably competent physicians and/or health care providers would use.

28.  The care and treatment rendered to Mr. Breen by the Defendant's employees, agents, and/or representatives breached the standard of care and was negligent in that the Defendant's employees, agents, and/or representatives:

(a)  failed to properly evaluate Mr. Breen's complaints of chest pain;

(b)  failed to order proper testing so as to properly evaluate Mr. Breen's complaints of chest pain and previously confirmed abnormal cardiac condition;

(c)  failed to order proper testing in the face of abnormal findings on chest x-ray and EKG;

(d)  negligently canceled cardiac tests that would have diagnosed Mr. Breen's cardiac condition;

(e)  negligently discharged Mr. Breen without properly evaluating and diagnosing his cardiac condition;

(f)  negligently discharged Mr. Breen without informing him of the abnormal

6

findings of the cardiac testing that was performed;

(g)  negligently discharged Mr. Breen with a diagnose of atypical chest pain, probably not cardiac related when they knew or should have known that Mr. Breen had a serious cardiac condition that needed to be evaluated and treated;

(h)  negligently informed Mr. Breen that his chest pains were not cardiac related when they knew or should have known that Mr. Breen had a cardiac condition that needed further evaluation and treatment; and

(i)  other acts of negligence which may be discovered during these proceedings.

29.  As a direct and proximate result of the negligent care and treatment rendered to Mr. Breen by employees, agents and/or representatives of the Defendant, Mr. Breen suffered extreme pain, suffering, mental anguish, and serious injuries resulting in his death.

30.  This claim arises under D.C. Code, § 12-101.

31.  The Plaintiff's decedent's right of action for injuries prior to his death caused by the negligent conduct of the Defendants survives in favor of Plaintiff, Catherine Breen, as duly appointed Executrix of the Estate of Andrew W. Breen, deceased.

32.  As a direct and proximate result of the Defendant's wrongful and negligent conduct, the Plaintiff's decedent, Mr. Breen, sustained bodily injuries, fear and anticipation of impending death, mental anguish prior to his death, and severe and conscious pain and suffering, medical expenses, financial losses and future loss of earnings.

WHEREFORE, the foregoing premises considered, Plaintiff, Catherine Breen, as Personal Representative of the Estate of Andrew W. Breen, demands judgement against Defendant, United States of America, in the sum of Three Million Dollars ($3,000,000.00), plus

interest and costs.

Respectfully submitted,


 /s/ Gerald I. Holtz
Gerald I. Holtz        221812
611 Rockville Pike, Suite 225
Rockville, MD. 20852
(301) 610-0777

Attorney for Plaintiff